IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISTRICT

| | | |
|---|---|---|
| SARAH ADELA COY, Individually,<br>as Heir at Law, and as Independent<br>Administrator of the Estate of ROBERT<br>MICHAEL COY, Deceased; CHRISTY<br>LYNN LUNDAY; and DEBBIE LEANN<br>WOLFE<br><br>vs.<br><br>THE COUNTY OF WALLER; COUNTY<br>OF WALLER SHERIFF'S OFFICE;<br>SHERIFF GLENN SMITH; DONNIE<br>MORDECAI; ROBERT FIELDS;<br>JOHN MOON; STEPHEN TUCKER;<br>PATRICK CASEY; SHAWN DARLING;<br>and WES MANION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Sarah Adela Coy, Individually, as Heir at Law, and as Independent Administrator of the Estate of Robert Michael Coy, Deceased, Christy Lynn Lunday, and Debbie Leann Wolfe, Plaintiffs, by and through their undersigned counsel, complaining of the County of Waller, the County of Waller Sheriff's Office, Sheriff Glenn Smith, Donnie Mordecai, Robert Fields, John Moon, Stephen Tucker, Patrick Casey, Shawn Darling, and Wes Manion, Defendants, and for cause of action would respectfully show the Court as follows:

### I.    INTRODUCTION

1.    Robert Michael Coy ("Mr. Coy" / "Decedent") was shot and killed in his own house by a Waller County SWAT team while the team was executing a search warrant. Mr. Coy was not the suspect named in the warrant, and he had done nothing wrong. To the contrary, his first reaction

when he realized his home had been broken into was to tell his girlfriend to call the police. Nonetheless, he was shot and killed.

2.     This is an action to redress the deprivation by the Defendants of rights secured to Robert Michael Coy, Deceased, under the Fourth and Fourteenth Amendments of the United States Constitution, as well as under principles of the statutory and common law of the State of Texas.

3.     The injuries alleged herein to have been suffered by the Plaintiffs were all the direct and proximate result of certain outrageous and highly unprofessional police conduct engaged in by the Defendants during the course of investigating a criminal offense, and, in connection with said investigation, executing a search warrant at the residence of Decedent, Robert Michael Coy, in Pattison, Texas on July 18, 2018.

## II.    **JURISDICTION AND VENUE**

4.     The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§ 1331, 1343(a)(3) and 1367(a), as well as 42 U.S.C. § 1983.

5.     Venue lies in this District under 28 U.S.C. § 1391 because the constitutional violations at issue in this lawsuit occurred in this District.

## III.    **THE PARTIES**

6.     Plaintiff Sarah Adela Coy is an individual and resident of Texas. She is also the Appointed Independent Administrator of the Estate of Robert Michael Coy, her deceased father.

7.     Plaintiff Christy Lynn Lunday is an individual and resident of Texas.

8.     Plaintiff Debbie Leann Wolfe is an individual and resident of Texas.

9.     Defendant, the County of Waller, is a governmental entity functioning in the State of Texas and can be served by serving the County Judge, Carbett "Trey" J. Duhon, III, at 836 Austin Street, Suite 203, Hempstead, Texas 77445.

2

10.    Defendant, the County of Waller's Sheriff's Office, is a governmental entity functioning in the State of Texas and can be served by serving the County Sheriff, Glenn Smith, at 701 Calvit Street, Hempstead, Texas 77445.

11.    Defendant, Glenn Smith, is the elected Sheriff of Waller County.

12.    Defendant, Donnie Mordecai, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He is sued in his individual and official capacity.

13.    Defendant, John Moon, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He was the leader of the SWAT team on July 18. He is sued in his individual and official capacity.

14.    Defendant, Robert Fields, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He is sued in his individual and official capacity.

15.    Defendant, Stephen Tucker, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. Mr. Tucker fired the shots that killed Mr. Coy. He is sued in his individual and official capacity.

16.    Defendant, Patrick Casey, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He is sued in his individual and official capacity.

17.    Defendant, Shawn Darling, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He is sued in his individual and official capacity.

3

18.     Defendant, Wes Manion, is an officer with the Waller County Sheriff's Department, and a member of the SWAT team that killed Mr. Coy. He is sued in his individual and official capacity.

## IV.     GENERAL ALLEGATIONS

19.     On or about July 18, 2018, at approximately 5:30 a.m., Robert Michael Coy and his girlfriend, Tanya Berenice Walker ("Walker"), were asleep in the bedroom of the residence owned by Walker, located at 3304 Avenue I, Pattison, Texas 77466-0197.

20.     Suddenly, and without warning, members of the Waller County Sheriff's Office (hereinafter referred to as "WCSO"), including members of a Special Weapons and Tactics (hereinafter referred to as "SWAT") team, initiated the execution of a planned police "raid" of Walker's residence all for the purpose of executing a court-issued search warrant which authorized the police to enter the premises of 3304 Avenue I ("target location) in order to search for devices containing visual depictions of child pornography. The Search Warrant (Case #18D008869) identified several individuals who purportedly were in charge of, used, or controlled the target location. Such individuals were: James Leon Dickey, Brice Allen Walker, Tanya Berenice Walker, and Gwendolen Denise Walker.

21.     During the course of executing the foregoing planned raid, a SWAT team member, Stephen Tucker, shot and killed Robert Michael Coy, an individual who was not named in the Search Warrant.

22.     On information and belief, Mr. Coy was not armed at the time he was shot and killed. Nor did WCSO or SWAT have any reason to believe that either he, Walker, or any of the targeted individuals were violent offenders.

4

## COUNT ONE

### (Fourth Amendment and 42 U.S.C. § 1983 – Excessive Force)
### (Individual Defendants)

23.     All previous paragraphs are incorporated herein by reference as though fully set forth.

24.     By reason of the foregoing acts, circumstances and events, the Individual Defendants, acting in concert and under color of state law, engaged in a course of extreme and outrageous conduct, which involved the use of unreasonable, excessive and deadly force, in the execution of a search warrant in violation of rights secured to Robert Michael Coy under the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

25.     This course of conduct included, among other things, the following specific acts:

(a)     As noted above, the search warrant issued by the court authorized police to search Walker's residence for devices containing visual depictions of child pornography, and neither Robert Michael Coy nor Walker, were known or could reasonably be believed by the police to be dangerous individuals. Yet, Individual Defendants undertook the raid of Walker's home wearing body armor, helmets and knee pads, and heavily armed with firearms, ammunition, and various tools;

(b)     As also noted above, at the time the police raid of Walker's home was initiated, Robert Michael Coy and Walker were asleep in the bedroom of Walker's home. Without meaningfully announcing their presence, and without giving Mr. Coy any meaningful opportunity to voluntarily permit the police to enter his residence, the Individual Defendants forcibly entered the residence and a member of the SWAT team, Stephen Tucker, shot Robert Michael Coy twice, killing him.

5

26.     Defendants' actions violated clearly established rights belonging to Mr. Coy of which reasonable law enforcement officers knew or should have known.

27.     As a direct and proximate result of the foregoing acts of excessive and abusive force, as well as those acts which wrongfully aided, abetted, encouraged or resulted in such excess and abusive force as described above, Plaintiffs have suffered the loss of their father, Robert Michael Coy, an innocent man, and substantial injuries and damages as a result of his death.

## COUNT TWO

### (42 U.S.C. § 1983-Monnell liability)
### (against Waller County, the Waller County Sheriff's Department, and Defendant Smith)

28.     All previous paragraphs are incorporated herein by reference as though fully set forth.

29.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of their official policies or customs deprives an individual of its rights protected under the Constitution. *Monnell*, 436 U.S. at 694-95.

30.     Such municipal liability requires proof of three elements: (1) an official policy or custom, of which (2) a final policymaker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose "moving force" is that policy or custom. *Hampton Co. Nat. Sur. LLC v. Tunica County*, Miss., 543 F.3d 221 (5th Cir. 2008). A plaintiff must also assert that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *Id.*

31.     Defendants breached their duties by developing a policy or custom under which SWAT teams were used to execute search warrants against non-violent offenders and by permitting their SWAT teams to use lethal force against non-threatening individuals.

32.     Furthermore: (i) WCSO and SWAT's operational plan was developed without a negotiation strategy and WCSO and SWAT made no effort to negotiate before executing a tactical option; (ii) the operational plan called for the officers executing the warrant to break the front door and a window of the home without first meaningfully announcing the presence of officers with a search warrant; (iii) the operational plan called for the officers executing the warrant to barge into the home with their hands on the triggers of their firearms before meaningfully announcing the presence of officers with a warrant; (iv) the operational plan called for the officers executing the warrant to provide notice of the warrant only after the discharge of a firearm; (v) the operational plan was deliberately designed so as not to allow the occupants of the residence time or opportunity to voluntarily open the entry door or comply with a police request for cooperation by the occupants; (vi) the operational plan called for WCSO officers and SWAT team members to break in to the residence without meaningfully announcing their presence in a manner that would allow the occupants to voluntarily open the door; (vii) the operational plan called for SWAT team members to discharge their firearms at anyone inside the residence; (viii) despite the known fact that the residents of 3304 Avenue I would likely be asleep due to the time of day the search warrant was executed, the operational plan called for "dynamic entry" in a manner likely to instill in the residents of 3304 Avenue I that their residence was under attack by possible intruders; (ix) despite the known fact that the items authorized to be seized under the warrant involved only one possible resident of 3304 Avenue I, the operational plan called for a forced, assaultive police entry to the home; the supervisory officers responsible for formulating the operational plan failed to adequately brief the WCSO officers and SWAT team members executing the warrant on the operational plan, failed to adequately rehearse the plan, failed to disclose to WCSO officers and SWAT team members, or even consider, express objections by other officers of the WCSO or SWAT team to

the police "raid" as planned; and failed to consider or adequately disclose to the WCSO officers or SWAT team executing the search warrant that the residents may be asleep due to the time of day the search warrant was being executed.

33.     The policy, pattern of practice, or custom of condoned misconduct is tacitly or overly sanctioned, as evidenced by the conduct of the SWAT team Defendants. Further, this pattern of practice, policy, or custom was adopted with deliberate indifference to the constitutional rights of citizens.

34.     Defendants failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the County of Waller and the Waller County Sheriff's Department.

35.     Plaintiffs suffered damages as a direct and proximate cause of the actions of the Defendants.

## COUNT THREE

### (Negligence Against All Defendants)

36.     All previous paragraphs are incorporated herein by reference as though fully set forth.

37.     The death of Robert Michael Coy and the resulting injuries and damages suffered by Plaintiffs as more fully described hereinafter were the direct and proximate result of the carelessness and negligence of the Defendants, in that the Defendants:

a)      Employed a degree of force in executing a search warrant which the Defendants knew or should have known was not reasonably necessary;

b)      Failing to evaluate the need for, and attendant risks of, the use of deadly force in executing a search warrant, and failing to balance the degree of force to be applied with the need for such force;

8

c) Enlisted SWAT to assist in conducting the search of the Walker residence as an assaultive police "raid" when, in fact, there was absolutely no "emergency" requiring the enlistment or deployment of SWAT's services and their presence was wholly unnecessary and SWAT's "over-kill" methods wholly unjustified;

d) Employed overwhelmingly deadly force in a situation where simply waiting presented no risks of harm to anyone and no risk of loss of evidence;

e) Stormed the Walker residence by force when such conduct was clearly unjustified, unreasonable and excessive;

f) Failed to report and consider as a factor in deciding the extent of force necessary to affect their search of Walker's residence, the other residents that may be inside the house who were not involved in criminal conduct, such as Robert Michael Coy;

g) Failed to consider the use of any less intrusive means to execute the warrant before opting to use deadly force;

h) Failed to employ perimeter control and show of force;

i) Failed to employ gas or other less lethal force;

j) Failed to employ a ruse entry;

k) Failed to contact Walker by telephone, prior to initiating their raid, and demand that she voluntarily submit to a police search of the residence pursuant to the search warrant;

l) Failed to send uniformed officers to knock on the door of the residence, announce a police presence, and request the residents' voluntary submission to police entry and search of their residence pursuant to the warrant;

9

m)  Designed an entry plan which took into account the time of day and that the residents may be sleeping, so that the residents do not confuse the forced entry by the officers as a possible home invasion;

n)  Failed to meaningfully knock and announce the presence of police with a warrant before breaking windows and forcefully entering the residence;

o)  Discharged firearms in a manner which killed resident, Robert Michael Coy, before he was able to identify who was forcefully entering the residence;

p)  Forcefully entered the residence before the residents were able to identify who was entering the residence and hindering their ability to be fully aware of what was occurring around them during the course of entry;

q)  Forcefully entering the residence by breaking down the door and a window in a manner likely to make the residents believe they were victims of a home invasion;

r)  Fired guns at Robert Michael Coy before allowing him time to identify the forced entry was made by uniformed officers and not suspected burglars;

s)  Failed to train and supervise members of SWAT on proper police practices and procedures, including the "knock and announcement" requirement of search warrant execution, entry procedures, use of distraction devices, firearms training, and use of deadly force;

t)  Failed to promulgate, and to have in place, policies and/or procedures governing the deployment of SWAT's services;

u)  Failed to comply with specific policies, procedures, directives, standards, and rules related to the "knock and announce" requirement of search warrant execution, the use of firearms and the use of deadly force.

10

v)   Utilized deadly force in the seizures of Robert Michael Coy in violation of Texas Penal Code § 9.51.

26.   As a direct and proximate result of the foregoing negligent acts of police misconduct described above, Plaintiffs have suffered the loss of their father, Robert Michael Coy, an innocent man, and substantial injuries and damages as a result of his death.

## COUNT FOUR

### (Intentional Infliction of Emotional Distress)

27.   All previous paragraphs are incorporated herein by reference as though fully set forth.

28.   At all times, Defendants intended to inflict severe and extreme emotional distress, or knew or should have known that emotional distress would likely result from their conduct.

29.   Defendants' conduct was extreme and outrageous and did, in fact, cause Plaintiffs' to suffer severe and extreme mental and emotional distress and trauma from the death of their father, Robert Michael Coy.

## COUNT FIVE

### (Governmental Entity Liability)

30.   All previous paragraphs are incorporated herein by reference as though fully set forth.

31.   Pursuant to Texas Civil Practice and Remedies Code § 104.001(1), § 104.002(a)(1) and § 101.021, Defendants are liable for the acts of its respective police employees, constituting negligence and violations of Robert Michael Coy's civil rights, as alleged herein, which caused the injuries and losses alleged herein to have been suffered by Plaintiffs.

32.     Pursuant to the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code), Plaintiffs provided notice of their claims to Defendants on August 17, 2018 (*see* "Exhibit A").

## DAMAGES

33.     All previous paragraphs are incorporated herein by reference as though fully set forth.

34.     This suit is brought in part pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002-.004, commonly referred to as the "Wrongful Death Act", pursuant to the terms and provisions of TEX. CIV. PRAC. & REM. CODE § 71.021, known as the "Survivor's Act", and pursuant to any and all other applicable laws including the common law of the State of Texas.

35.     Plaintiffs are statutory beneficiaries of Robert Michael Coy, Deceased, and are entitled to bring an action on account of his wrongful death.

36.     Plaintiffs Sarah Adela Coy, Christy Lynn Lunday, and Debbie Leann Wolfe are all daughters of Robert Michael Coy, Deceased.

37.     As a direct and proximate result of the conduct of Defendants herein, Robert Michael Coy died.

38.     As a direct and proximate result of the death of Robert Michael Coy, his surviving children have suffered damages.

39.     Plaintiffs are wrongful death beneficiaries of Decedent and, by reason of the incident described above, have sustained damages in the past (from the date of the incident until the date of trial) and in the future.

40.     Plaintiffs seek to recover their pecuniary loss, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value,

excluding loss of inheritance, that they, in reasonable probability, would have received from Robert Michael Coy had he lived.

41.     Plaintiffs seek to recover for their loss of companionship and society, meaning the loss of positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from Robert Michael Coy had he lived.

42.     Plaintiffs seek compensation for mental anguish, meaning the emotional pain, torment and suffering that they have suffered and, in reasonable probability, will continue to suffer in connection with the untimely death of their father, Robert Michael Coy.

43.     Additionally, Plaintiffs seek to recover compensation for the suffering Decedent was caused to endure from the injuries received in the incident until the time of his death.

44.     Decedent's injuries were proximately caused by the conduct of Defendants as more completely described herein.

45.     Plaintiffs also seek exemplary/punitive damages as a result of the intentional conduct and/or gross negligence described above, and if the jury so finds, Plaintiffs seek an amount the jury deems to be fair and reasonable.

46.     Plaintiffs also seek recovery for all costs of court and pre-judgment and post-judgment interest in the maximum amount allowed by law.

## RESERVATION OF RIGHTS

47.     All previous paragraphs are incorporated herein by reference as though fully set forth.

48.     These allegations against Defendants the County of Waller, the County of Waller Sheriff's Office, Sheriff Glenn Smith, Donnie Mordecai, Robert Fields, John Moon, Stephen Tucker, Patrick Casey, Shawn Darling, and Wes Manion are made acknowledging that

investigation, although undertaken, is continuing in this matter. As further investigation as well as discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the care or dismissing parties from the case.

**JURY DEMAND**

49.     Plaintiffs respectfully request a trial by jury.

**PRAYER**

50.     Plaintiffs pray that the Defendants be cited to appear herein and answer, and upon final hearing, they be awarded a judgment against the Defendants for their actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable; exemplary damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and for any and all other relief, at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,
THE AMMONS LAW FIRM, L.L.P.

Robert E. Ammons
Texas State Bar No. 01159820
Federal Bar No. 11742
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:      (713) 523-4159
E-mail:         rob@ammonslaw.com
E-mail:         joy@ammonslaw.com

And

14

Raffi O. Melkonian
Wright Close & Barger LLP
Texas State Bar No. 24090587
Federal Bar No. 2338805
One Riverway, #2200
Houston, Texas 77056
Telephone:     (713) 572-4321
Facsimile:      (713) 572-4320
E-mail:          melkonian@wrightclosebarger.com
E-mail:          heigelmann@wrightclosebarger.com

And

William W. Hoke
William Hoke & Associates, L.L.L.P.
Texas State Bar No. 24046086
Federal Bar No. 570585
2514 Haven Hill Drive
Katy, Texas 77494
Telephone:     (713) 489-5411
Facsimile:      (713) 983-4669
E-mail:          whoke@whokelaw.com

***ATTORNEYS FOR PLAINTIFFS***